MATTHEW A. GARFINKLE (State Bar No. 264730)
mag@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK JOSEPH KENNEY (State Bar No. 87345)
mjk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
BANK OF AMERICA, N.A., successor by July 1, 2011
de jure merger with BAC Home Loans Servicing, LP
(erroneously sued as BAC Home Loans Servicing, LP)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| DENISE MARSICANO, an individual and on behalf of all that are similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BAC HOME LOANS SERVICING, LP, a California Limited Partnership, and DOES 1 THROUGH 500, inclusive,<br><br>Defendants. | Case No. 2:16-cv-06189-VAP (GJSx)<br>Hon. Virginia A. Phillips<br>Ctrm. 780-Roybal Building<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   October 3, 2016<br>Time:   2:00 p.m.<br>Crtrm.: 780 - 7th Floor (Roybal)<br><br>Action Filed:   June 20, 2016<br>Removal Date: August 17, 2016<br>Trial Date:   None Set |

70000.2794/8329701.1                                            2:16-cv-06189-VAP (GJSx)

NOTICE OF MOTION AND MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT AND MOTION TO DISMISS COMPLAINT

### TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS:

**PLEASE TAKE NOTICE** that on Monday, October 3, 2016, at 2:00 p.m., or as soon thereafter as the matter may be heard, in 780 - 7th Floor (Roybal) of the above-entitled Court, located at 255 E. Temple St., Los Angeles, CA, 90012, Defendant BANK OF AMERICA, N.A., successor by July 1, 2011 de jure merger with BAC Home Loans Servicing, LP (erroneously sued as BAC Home Loans Servicing, LP) ("Defendant") will and hereby does move for an order dismissing the above-named Plaintiff's Complaint and each of its counts against Defendant pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).  Defendant requests that each and every count in Plaintiff's Complaint be dismissed without leave to amend because each count is without merit and cannot be cured by amendment.

This motion is made pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) and is based on the grounds that the Complaint fails to state a claim upon which relief may be granted against Defendant and/or fails to state sufficient facts "to provide the grounds of [their] entitlement to relief."  But if any claim survives, Defendant respectfully requests that Plaintiff be ordered to provide a more definite statement of her claims under Federal Rules of Civil Procedure, Rule 12(e), so Defendant may frame a responsive pleading.

This motion is made following an in-person meeting pursuant to L.R. 7-3 to discuss the instant motion which took place on August 17, 2016.

This motion is timely noticed and filed pursuant to L.R. 6-1 because it is filed and served electronically through this Court's CM/ECF system at least twenty-eight (28) days before the motion day designated in this notice.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the Complaint, the Request for Judicial

1   Notice, all pleadings and records on file in any and all related actions, all other

2   pleadings and records on file in this action, and upon such other argument as may be

3   presented at the hearing on this motion.

4

5   DATED:  August 24, 2016            SEVERSON & WERSON
                                       A Professional Corporation
6

7

8                                      By:        /s/ Matthew A. Garfinkle
9                                               Matthew A. Garfinkle

10                                     Attorneys for Defendant BANK OF
11                                     AMERICA, N.A., successor by July 1, 2011 de
                                       jure merger with BAC Home Loans Servicing,
12                                     LP (erroneously sued as BAC Home Loans
13                                     Servicing, LP)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff's claims are both incurably time-barred and premised upon an erroneous theory.  The Complaint should be dismissed.

Plaintiff chiefly alleges that her lender, America's Wholesale Lender (AWL), was not properly registered as a corporation at the time the loan was originated on March 20, 2007.  Therefore, according to Plaintiff, AWL had no "legal capacity" to issue the loan in the first place.  Plaintiff weaves this central theory throughout each of the eleven claims presented in her Complaint.  Plaintiff also alleges that the terms of her March 20, 2007, loan were misrepresented to her.

As an initial matter, this lawsuit was filed more than nine years after the loan she is challenging.  Any and all statutory limitations periods have since lapsed.  The claims should be dismissed on that basis alone.  Moreover, Plaintiff's "no legal capacity" argument fails to account for the very public records indicating that AWL was the "dba" of Countrywide Home Loans, Inc.—itself a New York corporation.  Thus, Plaintiff's "legal capacity" is simply false.

For these reasons, and those presented below, defendant Bank of America, N.A. ("BANA" or "Defendant") respectfully requests that this Court grant this motion.  And because Plaintiff's claims cannot be cured by amendment, leave to amend would be futile.

### II.  STATEMENT OF RELEVANT FACTS

Plaintiff Denise Marsicano ("Plaintiff") alleges that on March 20, 2007, she obtained a loan from AWL that was secured by a deed of trust affecting 1200 Fawnskin Drive, Fawnskin, CA (the "Property").  (Complaint, ¶ 5.)

According to the Complaint, the lender was described in the deed of trust as a "corporation" "under the laws of New York."  (Complaint, ¶11.)  Plaintiff further alleges that "in March of 2007 the New York State Department of Corporation did

NOTICE OF MOTION AND MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

not list any corporation having the name AWL." (Complaint, ¶ 12.) Plaintiff claims that, therefore, AWL was a "sham entity" that "had no legal capacity" when it issued the loan. (Complaint, ¶¶ 18, 31, 39, 51, 78, 89, 100.)

Plaintiff also alleges that AWL's agent misrepresented the nature of her loan. (Complaint, ¶ 55.) More specifically, Plaintiff avers that AWL's agent orally represented that her 30-year loan was an interest only loan for the entire life of the loan when the loan originated. (*Id.*) The text of the promissory note, however, states that the loan "was in fact an 'interest only' [loan] for the first ten (10) years of the note[']s thirty (30) year term." (*Id.*)

On these basic allegations, weaved throughout the pleading, Plaintiff asserts her eleven counts.[1]

### III.   STANDARD OF REVIEW

Under Federal Rules of Civil Procedure, Rule 8(a), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 547 (2007). "[This] requires more than labels and conclusions. . . . [A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).

A Motion to Dismiss under Rule 12(b)(6) tests the legal sufficiency of claims asserted in a complaint. Dismissal is appropriate when a complaint fails to state a cognizable legal theory or where there is an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696,

---

[1] The caption of the Complaint identifies a twelfth claim for "punitive damages." The body of the Complaint, however, does not separately state such a claim. To the extent the caption is to be construed so as to offer such a claim, the claim should be summarily dismissed. "'Punitive damages are merely incident to a cause of action, and can never constitute the basis thereof. [Citations.]' [Citation.] `The concurrence of both an actionable wrong and damages are necessary elements for a cause of action.'" *Hilliard v. A. H. Robins Co.*, 148 Cal.App.3d 374, 391, (1983) (fns. omitted).

699 (9th Cir. 1988). In deciding such a motion, the Court can look to the face of the complaint, to documents attached thereto, to those documents that are judicially noticeable, and to those documents that may be considered by the Court. *Swartz, supra*, 476 F.3d at 763; *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989).

Although facts properly alleged must be construed most favorably to plaintiff, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) (citation omitted). "Dismissal is proper if a complaint is vague, conclusory, and fails to set forth any material facts in support of the allegation." *York v. Huerta-Garcia*, 36 F.Supp.2d 1231, 1234 (S.D. Cal. 1998) citing *North Star Intern v. Arizona Corp. Comm'n.*, 720 F.2d 578, 583 (9th Cir. 1983). A court should first discard conclusory allegations and then determine whether the well-plead facts support a plausible inference of the underlying misconduct alleged. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[T]he mere possibility of misconduct" is insufficient. *Id.*, at 1950.

Here, the Complaint plainly fails to meet these parameters, even construing the rules liberally. Plaintiff cannot substantively state a claim as a matter of law.

## IV. ARGUMENT

### A. All Of Plaintiff's Loan Origination Claims Are Time Barred

#### 1. The Declaratory Relief And Rescission Claims

Plaintiff's first and sixth claims are duplicative requests for declaratory relief. (Complaint, pp. 7-8, 15-16.) Plaintiff's declaratory relief claims seek to "rescind" and "void" the note and deed of trust based upon Plaintiff's erroneous "no legal capacity" theory. (*Id.*) Similarly, the second and fourth claims both seek rescission, although based on different grounds. (Complaint, pp. 8-9, 11-13.) The second

1   claim is premised upon Plaintiff's incapacity argument while the fourth claim is
2   based on allegations that the terms of her loan were misrepresented to her.  (*Id.*)

3       The statute of limitations governing a request for declaratory relief is the one
4   applicable to the ordinary underlying legal or equitable theory upon which the claim
5   is based.  *Maguire v. Hibernia S. & L. Soc.*, 23 Cal.2d 719, 734 (1944) ("[I]f
6   declaratory relief is sought with reference to an obligation which has been breached
7   and the right to commence an action for "coercive" relief upon the cause of action
8   arising therefrom is barred by the statute, the right to declaratory relief is likewise
9   barred.").  Here, the declaratory relief Plaintiff seeks is to "rescind" and "void" the
10  March 2007 loan.  Such claim for rescission, however, must be brought within four
11  years of the origination of the loan.  Cal. Code Civ. Proc. § 337(3).  This case, filed
12  more than nine years after the loan was originated, is more than five years too late.
13  Plaintiff's declaratory relief and rescission claims should be dismissed.

14      **2.      The Implied Covenant Claims**

15      "The implied covenant of good faith and fair dealing rests upon the existence
16  of some specific contractual obligation."  *Racine & Laramie, Ltd. v. Department of*
17  *Parks & Recreation,* 11 Cal.App.4th 1026, 1031 (1992).  "If there exists a
18  contractual relationship … the implied covenant is limited to assuring compliance
19  with the express terms of the contract, and cannot be extended to create obligations
20  not contemplated in the contract."  *Id*. at 1032.  That is, to state the claim she seeks
21  to assert, Plaintiff must base the claim upon an express term in the applicable
22  contract.  Most importantly, the statute of limitations to file a breach of a written
23  contract claim is four years.  (Code Civ. Proc. § 337.)

24      Here, Plaintiff's third claim for breach of the implied covenant of good faith
25  and fair dealing is based on allegations that AWL, BANA's predecessor, failed to
26  disclose that it lacked legal capacity to issue the loan in March of 2007.  (Complaint,
27  ¶ 51.)  Similarly, Plaintiff's fifth claim alleges that AWL unjustifiably

28

NOTICE OF MOTION AND MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  misrepresented the nature of the loan—i.e., that it would be interest only for the
2  entire 30 year period rather than just the first ten years.  (Complaint, ¶ 72.)  Both
3  claims, however, are time-barred because they were filed more than four years after
4  the origination of the loan in March of 2007.  The claims should both be dismissed.

5      **3.    The Quiet Title Claim**

6          Determining the limitations period applicable to a quiet title claim depends on
7  the nature of the underlying relief sought.  *See, e.g., Leeper v. Beltrami*, 53 Cal.2d
8  195, 214 (1959).  Plaintiff's only basis for relief is premised on his earlier
9  allegations that "these defendants [sic] did not have the legal capacity to enter into
10  the [loan]."  (Complaint, ¶ 89.)  But as indicated above, Plaintiff's purported "basis"
11  for rescinding the loan at issue is unquestionably barred by the applicable four-year
12  limitations period outlined in California Code of Civil Procedure section 337(3).
13  The claim is time-barred.

14     **4.    The Fraud Claims**

15          Plaintiff asserts fraud claims in both her eighth and ninth counts.  The eighth
16  claim for fraud is premised on her recycled incapacity theory while the ninth claim
17  is based upon allegations that the terms of March 2007 loan were purportedly
18  misrepresented to her.  (Complaint, pp. 18-22.)  The statute of limitations for fraud
19  is three years.  *See* Cal. Code Civ. Proc. § 338(d); *see also Aaron v. First American*
20  *Title Ins. Co.*, 220 Cal.App.3d 124, 127 (1990).  Again, Plaintiff's lawsuit was filed
21  more than six years too late.  The claims should be dismissed.

22     **5.    The UCL Claim**

23          Plaintiff's UCL claim, the tenth count, is premised on the same notions as the
24  other claims presented in the Complaint: that AWL lacked capacity and that the loan
25  terms were misrepresented to her in March of 2007 when the loan originated.
26  (Complaint, pp. 22-25.)  "*Any* action on *any* UCL cause of action is subject to the
27  four-year period of limitations."  *Cortez v. Purolator Air Filtration Products*

28

NOTICE OF MOTION AND MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1 | *Company* (2000) 23 Cal.4th 163, 179 (2000) (emphasis in original).  Thus,

2 | Plaintiff's basis for asserting the UCL claim—i.e., purported problems with the

3 | origination of the March 2007 loan—cannot support a timely claim for violation of

4 | the UCL.  The claim should be dismissed.

5 | **6.     The Discovery Rule Does Not Apply**

6 | Although Plaintiff makes the blanket assertion that she did not discover the

7 | purported misrepresentations until 2015, she fails to meet the burden necessary to

8 | escape the various applicable statutes of limitations.   In order to assert delayed

9 | discovery, Plaintiff "must specifically plead facts to show (1) the time and manner

10 | of discovery and (2) the inability to have made earlier discovery despite reasonable

11 | diligence." *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808 (2005)

12 | (emphasis in original).  Here, Plaintiff has simply failed to satisfy either element.

13 | First, Plaintiff does not meet her burden.  "[T]he court places the burden on

14 | the plaintiff to 'show diligence; 'conclusory allegations will not withstand

15 | demurrer.'" *Fox, supra*, 35 Cal.4th at 808.  Any assertion of delayed discovery fails

16 | because Plaintiff does not allege why she could not have discovered the purported

17 | misrepresentations earlier than 2015.  Indeed, Plaintiff offer no allegations

18 | explaining how or why it is she discovered the purported misrepresentation other

19 | than intimating that she took a closer look at her written loan documents in 2015.

20 | Second, and separately, Plaintiff is also barred from asserting delayed

21 | discovery because she cannot allege an "inability to have made earlier discovery

22 | despite reasonable diligence." *Id.* (emphasis added).  Simply put, Plaintiff cannot

23 | assert delayed discovery because she cannot allege that she was unable to learn of

24 | the so-called misrepresentations any earlier.  She had her loan documents the whole

25 | time. The delayed discovery rule does not apply here as a matter of law. *Fox, supra*,

26 | 35 Cal.4th at 808.

27

28

70000.2794/8329701.1                                6                    2:16-cv-06189-VAP (GJSx)

NOTICE OF MOTION AND MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**B.      Plaintiff's Legal Incapacity Argument Fails**

The majority of Plaintiff's claims[2] rely upon Plaintiff's defective theory that her loan is somehow void because, according to her, there was no New York corporation identified as AWL.  (Complaint, ¶ 12.)  The flaw with Plaintiff's theory is that there was no need for AWL to be a registered corporation because AWL was a fictitious business name ("FBN") utilized by Countrywide Home Loans, Inc., which is, and was, a New York corporation registered to do business within the State of California.  (*See* Request for Judicial Notice ("RJN"), Exhibit A.)  Pursuant to Bus. & Prof. Code §17915:

> A fictitious business name statement shall be filed with the
> clerk of the county in which the registrant has his or her
> principal place of business in this state or, if the registrant
> has no place of business in this state, with the Clerk of
> Sacramento County. This chapter does not preclude a
> person from filing a fictitious business name statement in a
> county other than that where the principal place of
> business is located, as long as the requirements of this
> section are also met.

Here, Countrywide Home Loans, Inc. recorded a Fictitious Business Name Statement ("FBNS") in the Official Records of the Los Angeles County Recorder's Office on November 16, 2005, declaring its principal place of business was in Calabasas, California. (RJN, Ex. A.)  And, the FBNS was recorded in Los Angeles County, the county in which Countrywide Home Loans, Inc. had its principal place of business prior to Plaintiff's loan was originated, in or about March of 2007.  This theory, which relies entirely upon Plaintiff's own suppositions and is not supported

---

[2] Plaintiff's first, second, third, seventh, eighth, and eleventh all rely upon these allegaitons.

1  by any legal authority or extrinsic evidence, is thus expressly contradicted by
2  judicially-noticeable documents which establish that Countrywide was properly
3  doing business under the fictitious business name of AWL when Plaintiff's loan was
4  originated. Consequently, all of Plaintiff's claims that rely upon this failed theory,
5  similarly fail.

6  **C.      The Remaining Claim For Money Had And Received Fails**

7           Plaintiff's tenth claim is for Money Had and Received—a seeming last ditch
8  effort to have something stick. (Complaint, p. 22.) "A [claim] for money had and
9  received is stated if it is alleged [that] the defendant 'is indebted to the plaintiff in a
10 certain sum for money had and received by the defendant for the use of the
11 plaintiff." *Avidor v. Sutter's Place, Inc.*, 212 Cal.App.4th 1439, 1454 (2013), *review
12 denied* (May 1, 2013). Such a claim is only viable where one person has received
13 money which belongs to another, and which in equity and good conscience should
14 be paid over to the latter. *Id.*

15          Here, Plaintiff admits that the money which she paid was intended to pay off
16 the loan debt on the Property. (Complaint, ¶ 60.) Accordingly, Plaintiff rightly
17 concedes that all payments made were for purposes of satisfying her contractual
18 obligations to pay. BANA and its predecessors were therefore entitled to accept
19 payments from Plaintiff to the extent that BANA elected to do so, and to apply any
20 payments that BANA elected to accept pursuant to the applicable loan terms.
21 Consequently, Plaintiff's tenth claim for Money Had and Received fails.

22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.  CONCLUSION

For the foregoing reasons, Defendant BANA respectfully requests that this Court grant the instant motion and dismiss all of Plaintiff's claims without leave to amend.

DATED:  August 24, 2016

SEVERSON & WERSON
A Professional Corporation

By:     /s/ Matthew A. Garfinkle
          Matthew A. Garfinkle

Attorneys for Defendant BANK OF AMERICA, N.A., successor by July 1, 2011 de jure merger with BAC Home Loans Servicing, LP (erroneously sued as BAC Home Loans Servicing, LP)

NOTICE OF MOTION AND MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## PROOF OF SERVICE

1

2     At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business

3 address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

4     On August 24, 2016, I served true copies of the following document(s):

5 **NOTICE OF MOTION AND MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S COMPLAINT;**

6 **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

7

8 on the interested parties in this action as follows:

9 Edward S. Orchon, Esq.         Attorney for Plaintiff
Law Office of Edward S. Orchon   Denise Marsicano

10 P.O. Box 2743
Winnetka, CA 91396         Telephone: (747) 224-1010
orchonlaw@aol.com

11

12     **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.

13 Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

14

15     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

16

17     Executed on August 24, 2016, at Irvine, California.

18

19                     Victoria A. McCav

20

21

22

23

24

25

26

27

28