MATTHEW A. GARFINKLE (State Bar No. 264730)
mag@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK JOSEPH KENNEY (State Bar No. 87345)
mjk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
BANK OF AMERICA, N.A., successor by July 1, 2011
de jure merger with BAC Home Loans Servicing, LP
(erroneously sued as BAC Home Loans Servicing, LP)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

| | |
|---|---|
| DENISE MARSICANO, an individual and on behalf of all that are similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BAC HOME LOANS SERVICING, LP, a California Limited Partnership, and DOES 1 THROUGH 500, inclusive,<br><br>Defendants. | Case No. 2:16-cv-06189-VAP (GJSx)<br>Hon. Virginia A. Phillips<br>Ctrm. 780-Roybal Building<br><br>**REPLY BRIEF IN SUPPORT MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:  October 3, 2016<br>Time:  2:00 p.m.<br>Crtrm.: 780 - 7th Floor (Roybal)<br><br>Action Filed:  June 20, 2016<br>Removal Date: August 17, 2016<br>Trial Date:  None Set |

## I. INTRODUCTION

Plaintiff's lawsuit attempts to unwind a nine-year-old home loan. But as pointed out in the moving papers, Plaintiff's claims fail for two reasons: (1) they are time-barred; and (2) they are premised on an erroneous theory. Plaintiff's Opposition to the instant motion to dismiss, although rife with rhetoric and nonsensical accusations, lacks legal support. Indeed, Plaintiff offers no legally supported basis for tolling the applicable statute of limitations period. And the Opposition ignores the applicable law.

In response to the statute of limitations argument, Plaintiff contends that "Plaintiff had no reason to suspect anything was amiss until informed that the payment amount was changing, ten (10) years after the representations were made and the note and the Deed were signed." Opposition, p. 16, lns. 1-3. As a preliminary matter, ironically enough, ten years have not since passed from the date of the loan at issue (March 20, 2007). But, more fundamentally, Plaintiff explicitly admitted in the Complaint (Paragraph 55) that the promissory note at issue expressly stated that the Loan was interest-only for the first ten years only. With that admission, Plaintiff simply cannot maintain the instant lawsuit as a matter of law.

For these reasons, and those presented below and in the moving papers, defendant Bank of America, N.A. ("BANA" or "Defendant") respectfully requests that this Court grant this motion without leave to amend.

## II. DISCUSSION

**A.  Plaintiff's Claims Are Time Barred**

Plaintiff's Opposition does not dispute the applicable statutory limitations periods. Indeed, she could not. As explained in the moving papers, the longest applicable statutory period is four years. And because the Loan at issue originated on March 20, 2007 (Complaint, ¶ 5.), Plaintiff's claims must have been filed by no

1  later than March 20, 2011, to be timely.  The only way the claims could survive the
2  applicable statutes of limitations would be if those statutes were tolled.
3       Plaintiff argues in the Opposition that she purportedly did not discover that
4  "anything was amiss until informed that the payment amount was changing, ten (10)
5  years after the representations were made and the note and the Deed were signed."
6  Opposition, p. 16, lns. 1-3.  But, as pointed out above, Plaintiff's argument is belied
7  by the fact that it has not yet been ten years since the Loan originated.  Complaint,
8  ¶ 5.
9       The questionable nature of this assertion aside, Plaintiff simply cannot
10  maintain her position as a matter of law.  Plaintiff's Opposition ignores the fact that
11  her Complaint explicitly admits that the promissory note at issue states that the Loan
12  is interest-only for the first ten of its 30-year duration.  Complaint, ¶ 55.  That
13  Plaintiff failed to read the language of the promissory note is of no legal
14  consequence.  In order to assert delayed discovery, Plaintiff "must specifically plead
15  facts to show (1) the time and manner of discovery and (2) the inability to have
16  made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery,*
17  *Inc.* (2005) 35 Cal.4th 797, 808 (2005) (emphasis in original). Plaintiff cannot
18  possibly meet this standard as a matter of law since "[r]easonable diligence requires
19  the reading of a contract before signing it." *Brookwood v. Bank of America*, 45
20  Cal.App.4th 1667, 1674 (1996) (citation omitted); *see also Rosenthal v. Great*
21  *Western Fin. Securities Corp.*, (1996) 14 Cal.4th 394, 424; *Desert Outdoor*
22  *Advertising v. Sup. Ct.*, 196 Cal.App.4th 866, 872-873 (2011) ("[I]t is not reasonable
23  to fail to read a contract.").  Thus, Plaintiff is legally charged with knowing and
24  understanding the contents of the entire promissory note that, as Plaintiff concedes,
25  explicitly sets forth the Loan was not interest-only for 30 years.  Consequently,
26  Plaintiff cannot maintain a delayed discovery defense to the applicable statute of
27
28

limitations.  Accordingly, Plaintiff's claims are all time-barred—incurably so.  The motion should be granted in its entirety without leave to amend as a result.

**B.     Plaintiff's Legal Incapacity Argument Fails**

The chief allegation in Plaintiff's lawsuit is that her loan is somehow void because, according to Plaintiff, the true identity of America's Wholesale Lender ("AWL") was hidden from Plaintiff.  (*See, e.g.*, Complaint, ¶ 12.)  As pointed out in the moving papers and in the Request for Judicial Notice ("RJN"), AWL was a fictitious business name ("FBN") utilized by Countrywide Home Loans, Inc. ("CH")—which is, and was, a New York corporation registered to do business within the State of California—as set forth in the FBN filing.  (*See* RJN, Exhibit A.)  Plaintiff's Opposition argues that "CHL perverted the purpose [of the FBN filing] by neglecting to reference CHL in deeds as the lender or loan originator."  Opposition, p. 5, lns. 4-10.  To begin with, Plaintiff's argument fails to recognize the actual applicable law.  "The filing of a fictitious business name certificate is designed to make available to the public the identities of persons doing business under the fictitious name."  Cal. Bus. & Prof. Code §17900(a)(1).  That is, the very filing of the FBN certification (RJN, Exhibit A), put Plaintiff on notice of AWL's FBN status.  Nothing more was required by law.  Indeed, Plaintiff cites to no law requiring that CHL identify AWL's FBN status in any other document other than the filing required under Bus. & Prof. Code §17900 *et seq.*—which Plaintiff does not dispute occurred (RJN, Exhibit A).  That is, Plaintiff cites to no requirement that AWL must make any additional disclosures regarding its FBN status in the Deed of Trust or other document in connection with the Loan at issue.  Indeed, as a purely practical matter, it would defeat the very purpose of the applicable statutory rubric (Cal. Bus. & Prof. Code §17900 *et seq.*) to require an FBN to file other "notices" or "filings" with each transaction in addition to what is mandated.

CHL recorded a Fictitious Business Name Statement ("FBNS") in the Official Records of the Los Angeles County Recorder's Office on November 16, 2005, declaring its principal place of business was in Calabasas, California. (RJN, Exhibit A.)  And, the FBNS was recorded in Los Angeles County, the county in which CHL had its principal place of business prior to Plaintiff's loan was originated, in or about March of 2007.  Finally, "a fictitious business name statement expires five years from the date it was filed in the office of the county clerk."  Cal. Bus. & Prof. Code §17920(a).  That is, the FBNS was valid through November of 2010—including through March of 2007 when the Loan was originated.  CHL, doing business as AWL, did all that was required of it by California law.  Plaintiff's legal theory is not supported by law.  Indeed, Plaintiff is seeking to impose upon CHL/AWL additional legal requirements that simply do not exist.  As a result, the entire theory of the lawsuit is erroneous.  The claims based on the theory should be dismissed.

**C.  Plaintiff's Opposition Does Not Defend The Claim For Money Had And Received And, As A Consequence, It Fails**

Plaintiff's Opposition does not address the defects present in the claim for money had and received.  Plaintiff's failure to oppose the motion to dismiss this claim is tantamount to a non-opposition and a tacit concession that the claim should be dismissed.  *See*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).  Consequently, Plaintiff's tenth claim should be dismissed.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III. CONCLUSION

For the foregoing reasons, Defendant BANA respectfully requests that this Court grant the instant motion and dismiss all of Plaintiff's claims without leave to amend.

DATED: September 14, 2016     SEVERSON & WERSON
A Professional Corporation

By:    */s/ Matthew A. Garfinkle*
       Matthew A. Garfinkle

Attorneys for Defendant BANK OF AMERICA, N.A., successor by July 1, 2011 de jure merger with BAC Home Loans Servicing, LP (erroneously sued as BAC Home Loans Servicing, LP)

## CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On September 14, 2016, I served true copies of the following document(s):

**REPLY BRIEF IN SUPPORT MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S COMPLAINT**

on the interested parties in this action as follows:

Edward S. Orchon, Esq.  
Law Office of Edward S. Orchon  
P.O. Box 2743  
Winnetka, CA 91396

Attorney for Plaintiff  
Denise Marsicano

Telephone: (747) 224-1010  
orchonlaw@aol.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 14, 2016, at Irvine, California.

*Carla Durkee* (signature)  
Carla Durkee