ROBERT J. GANDY (State Bar No. 225405)
rjg@severson.com
DOUGLAS C. STASTNY (State Bar No. 269470)
dcs@severson.com
SEVERSON & WERSON, A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK JOSEPH KENNEY (State Bar No. 87345)
mjk@severson.com
SEVERSON & WERSON, A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
BANK OF AMERICA, N.A., successor by July 1, 2011
de jure merger with BAC Home Loans Servicing, LP
(erroneously sued as BAC Home Loans Servicing, LP)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| DENISE MARSICANO, an individual and on behalf of all that are similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BAC HOME LOANS SERVICING, LP, a California Limited Partnership, and DOES 1 THROUGH 500, inclusive,<br><br>Defendants. | Case No. 2:16-cv-06189-VAP (GJSx)<br>Hon. Virginia A. Phillips<br>Ctrm. 8A – 1st St Courthouse<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    March 6, 2017<br>Time:   2:00 p.m.<br>Crtrm.: 8A<br><br>Action Filed:    June 20, 2016<br>Removal Date: August 17, 2016<br>Trial Date:       None Set |

70000.2794/10292906.1

NOTICE OF MOTION AND MOTION OF BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS**:

**PLEASE TAKE NOTICE** that on Monday, March 6, 2017, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 8A on the 8th Floor of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, CA, 90012, Defendant BANK OF AMERICA, N.A., successor by July 1, 2011 de jure merger with BAC Home Loans Servicing, LP (erroneously sued as BAC Home Loans Servicing, LP) ("BANA") will and hereby does move for an order dismissing Plaintiff Denise Marsicano's First Amended Complaint ("FAC") and each of its counts against BANA pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). BANA requests that each and every count in Plaintiff's FAC be dismissed without leave to amend because each count is without merit and cannot be cured by amendment.

This motion is made pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) and is based on the grounds that the FAC fails to state a claim upon which relief may be granted against BANA and/or fails to state sufficient facts "to provide the grounds of [their] entitlement to relief." But if any claim survives, BANA respectfully requests that Plaintiff be ordered to provide a more definite statement of her claims under Federal Rules of Civil Procedure, Rule 12(e), so BANA may frame a responsive pleading.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the FAC, the Request for Judicial Notice, all pleadings and records on file in any and all related actions, all other pleadings and records on file in this action, and upon such other argument as may be presented at the hearing on this motion.

/ / /

1       A conference of counsel was held on January 6, 2017, pursuant to L.R. 7-3.
2 The parties were not able to resolve the case or avoid the need for the present
3 motion.

5 DATED: February 2, 2017       SEVERSON & WERSON
                                        A Professional Corporation

By:    */s/ Douglas C. Stastny*
          DOUGLAS C. STASTNY

Attorneys for Defendant
BANK OF AMERICA, N.A., successor by July 1, 2011 de jure merger with BAC Home Loans Servicing, LP (erroneously sued as BAC Home Loans Servicing, LP)

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................... 1

II.   STATEMENT OF RELEVANT FACTS ........................................................ 2

III.  STANDARD OF REVIEW ........................................................................... 2

IV.  ARGUMENT ................................................................................................ 3

    A.    All Of Plaintiff's Loan Origination Claims Remain Time Barred ......... 3

    B.    Plaintiff's Legal Incapacity Argument Fails ............................................ 5

    C.    Plaintiff's Breach Of Implied Covenant Claim Still Fails ...................... 7

    D.    Plaintiff's Money Had Claim Still Fails .................................................. 8

    E.    Plaintiff's Unfair Competition Claim Fails ............................................. 9

        1.    Plaintiff Fails To Allege Any Unlawful Conduct By BANA ........ 10

        2.    Plaintiff Fails To Allege Unfair Activity By BANA ................... 10

        3.    Plaintiff Fails To Allege Fraudulent Conduct Under The UCL .................................................................................................. 10

        4.    Plaintiff Lacks Standing Under Bus. & Prof. Code §17204 ...... 11

        5.    Plaintiff's Claim Is Barred By The Statute Of Limitations ........ 12

V.   CONCLUSION ........................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
　129 S.Ct. 1937 (2009) ....................................................................................... 3

*Associated Gen. Contractors v. Metro. Water Dist.*,
　159 F.3d 1178 (9th Cir. 1998) ........................................................................... 3

*Avidor v. Sutter's Place, Inc.*,
　212 Cal.App.4th 1439 (2013) ........................................................................ 8, 9

*Balistreri v. Pacifica Police Dept.*,
　901 F.2d 696 (9th Cir. 1988) ............................................................................. 3

*Bastian v. Cty. of San Luis Obispo*,
　199 Cal. App. 3d 520 (1988) ............................................................................. 4

*Bell Atlantic Co. v. Twombly*,
　550 U.S. 544 (2007) .......................................................................................... 2

*Brookwood v. Bank of Am.*,
　45 Cal. App. 4th 1667 (1996) ............................................................................ 4

*Cel-Tech Comm., Inc. v. Los Angeles Cellular Telephone Co.*,
　20 Cal.4th 163 (1999) .................................................................................. 9, 10

*Chabner v. United of Omaha Life Ins. Co.*,
　225 F.3d 1042 (9th Cir. 2000) ......................................................................... 10

*Community Cause v. Boatwright*,
　124 Cal.App.3d 888 (1981) ............................................................................... 7

*Daro v. Superior Court*,
　151 Cal.App.4th 109 (2007) ............................................................................ 11

*Fulton v. Bank of America, N.A.*,
　2016 WL 7156440 (C.D. Cal. 2016) ................................................................. 6

*Glenn K. Jackson Inc. v. Roe*,
　273 F.3d 1192 (9th Cir. 2001) ......................................................................... 10

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
 896 F.2d 1542 (9th Cir. 1989) .................................................................................. 3

*Krantz v. BT Visual Images, L.L.C.*,
 89 Cal.App.4th 164 (2001) ..................................................................................... 10

*Kwikset Corp. v. Superior Court*,
 51 Cal.4th 310 (2011) ............................................................................................. 11

*Lavie v. Procter & Gamble Co.*,
 105 Cal.App.4th 496 (2003) ................................................................................... 11

*Leaf v. City of San Mateo*,
 104 Cal. App. 3d 398 (1980) .................................................................................... 4

*Massachusetts Mutual Life Ins. Co. v. Superior Court*,
 97 Cal.App.4th 1282 (2002) ................................................................................... 10

*McKell v. Washington Mutual, Inc. et al.*,
 142 Cal.App.4th 1457 (2006) ................................................................................. 11

*North Star Intern v. Arizona Corp. Comm'n.*,
 720 F.2d 578 (9th Cir. 1983) .................................................................................... 3

*Ovando v. City of Los Angeles*,
 92 F. Supp. 2d 1011 (C.D. Cal. 2000) .................................................................. 3, 4

*Racine & Laramie, Ltd. v. Department of Parks & Recreation*,
 11 Cal.App.4th 1026 (1992) ..................................................................................... 7

*Sun 'n Sand, Inc. v. United Cal. Bank*,
 21 Cal. 3d 671 (1978) ............................................................................................... 4

*Swartz v. KPMG LLP*,
 476 F.3d. 756 (9th Cir. 2007) ................................................................................... 3

*Tyshkevich v. Wells Fargo, N.A.*,
 2016 WL 3077580 (E.D. Cal. 2016) ........................................................................ 6

*Van Buskirk v. Cable News Network, Inc.*,
 284 F.3d 977 (9th Cir. 2002) .................................................................................... 3

*York v. Huerta-Garcia*,
 36 F.Supp.2d 1231 (S.D. Cal. 1998) ........................................................................ 3

**Statutes**

Bus. & Prof. Code §17204 .................................................................................. 11

Bus. & Prof. Code §17208 .................................................................................. 12

Bus. & Prof. Code §17920 .................................................................................... 5

Cal. Bus. & Prof. Code §17915 ..................................................................... 1, 2, 5

Cal. Code of Civ. Proc. §337 ................................................................................ 7

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Denise Marsicano's ("Plaintiff") First Amended Complaint ("FAC") claims remain both incurably time-barred and premised upon the same erroneous theories that doomed her initial Complaint. The FAC should therefore be dismissed.

Plaintiff chiefly alleges that her original lender, America's Wholesale Lender ("AWL"), was not properly registered as a corporation in California or New York at the time the loan was originated on March 20, 2007. According to Plaintiff, AWL had no "legal capacity" to issue the loan in the first place and therefore now she should be entitled to a mortgage-free home. Plaintiff weaves this central theory throughout each of her remaining FAC claims. Plaintiff also alleges that the terms of her loan were misrepresented to her.

As an initial matter, this lawsuit was filed more than nine years after the loan she is challenging was originated on March 20, 2007. Any and all statutory limitations periods have since lapsed, as the Court previously ruled with regard to Defendant Bank of America, N.A.'s ("BANA") prior motion to dismiss. Plaintiff has failed to allege any new facts to form a basis for tolling the applicable statute of limitations, and thus the FAC claims should be dismissed on that basis alone. Moreover, Plaintiff's "no legal capacity" argument still fails to account for the very public records indicating that AWL was the "dba" of Countrywide Home Loans, Inc.—itself a New York corporation, in compliance with the requirements of Cal. Bus. & Prof. Code §17915, and therefore the loan remains valid and enforceable. Thus, Plaintiff's "legal capacity" theory remains defective and unavailing.

For these reasons, and those stated in more detail below, BANA respectfully requests that this Court grant this motion. And because Plaintiff's FAC claims cannot be cured by amendment, as Plaintiff has shown in her failure to again allege any viable claim, leave to amend would be futile, and thus should be denied.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff alleges that on March 20, 2007, she obtained a loan from AWL that was secured by a deed of trust affecting the real property located at 1200 Fawnskin Drive, Fawnskin, CA ("Property"). FAC, ¶6.

According to the FAC, the lender was described in the deed of trust as a "corporation" "under the laws of New York." FAC, ¶7. Plaintiff alleges that "in March of 2007 the New York State Department of Corporation did not list any corporation having the name AWL." FAC, ¶28. Plaintiff further alleges that no entity with the name AWL was registered as a foreign corporation with the California Secretary of State at that time. FAC, ¶29. Plaintiff contends AWL was thus a "sham entity" that "had no legal capacity" when it issued the loan. FAC, ¶38.

Plaintiff also alleges that AWL's agent misrepresented the nature of her loan. FAC, ¶¶ 14-17. More specifically, Plaintiff avers that AWL's agent orally represented that her 30-year loan was an interest only loan for the entire life of the loan when the loan was originated. *Id.* The text of the promissory note, however, states that the loan "was in fact an 'interest only' [loan] for the first ten (10) years of the note[']s thirty (30) year term." *Id.*

Based upon these allegations, weaved throughout the FAC, Plaintiff asserts her remaining three FAC claims against BANA.

## III. STANDARD OF REVIEW

Under Federal Rules of Civil Procedure, Rule 8(a), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 547 (2007). "[This] requires more than labels and conclusions. . . . [A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).

A Motion to Dismiss under Rule 12(b)(6) tests the legal sufficiency of claims asserted in a complaint. Dismissal is appropriate when a complaint fails to state a cognizable legal theory or where there is an "absence of sufficient facts alleged

under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). In deciding such a motion, the Court can look to the face of the complaint, to documents attached thereto, to those documents that are judicially noticeable, and to those documents that may be considered by the Court. *Swartz v. KPMG LLP,* 476 F.3d. 756, 763 (9th Cir. 2007); *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989).

Although facts properly alleged must be construed most favorably to plaintiff, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) (citation omitted). "Dismissal is proper if a complaint is vague, conclusory, and fails to set forth any material facts in support of the allegation." *York v. Huerta-Garcia*, 36 F.Supp.2d 1231, 1234 (S.D. Cal. 1998) citing *North Star Intern v. Arizona Corp. Comm'n.*, 720 F.2d 578, 583 (9th Cir. 1983). A court should first discard conclusory allegations and then determine whether the well-plead facts support a plausible inference of the underlying misconduct alleged. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[T]he mere possibility of misconduct" is insufficient. *Id.*, at 1950.

Here, the FAC plainly fails to meet these parameters, even construing the rules liberally. Plaintiff cannot substantively state a claim as a matter of law.

## IV. ARGUMENT

### A. All Of Plaintiff's Loan Origination Claims Remain Time Barred

Although a cause of action normally accrues at the time of injury, "under certain circumstances, courts have held that the cause of action accrues at the time 'plaintiffs became aware of defendant's [actions] as a cause [of the injury], or could have reasonably become so aware through the exercise of reasonable diligence.'" *Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1023 (C.D. Cal. 2000) (citing

*Bastian v. Cty. of San Luis Obispo*, 199 Cal. App. 3d 520, 527 (1988); *Leaf v. City of San Mateo*, 104 Cal. App. 3d 398, 408 (1980)). "The purpose of the delayed discovery rule is to protect those 'blamelessly ignorant' of their cause of action"; it "may be applied when the plaintiffs neither had information of the circumstances sufficient to put a reasonable person on inquiry notice nor had the opportunity to obtain such knowledge from sources available upon reasonable investigation." *Ovando*, 92 F. Supp. 2d at 1023.

"In a long line of cases [the Supreme Court of California] held that a cause of action for fraud or mistake accrues, and the limitations period commences to run, when the aggrieved party could have discovered the fraud or mistake through the exercise of reasonable diligence." *Sun 'n Sand, Inc. v. United Cal. Bank*, 21 Cal. 3d 671, 701 (1978).  In order to toll a claim under the discovery rule, "a plaintiff 'must affirmatively excuse his failure to discover the fraud within three years after it took place, by establishing facts showing that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry.'" *Id*. at 701–02. "Reasonable diligence requires the reading of a contract before signing it." *Brookwood v. Bank of Am.*, 45 Cal. App. 4th 1667, 1674 (1996).

Here, to the extent Plaintiff's remaining FAC claims are premised upon the alleged misrepresentation of the nature of Plaintiff's loan -- i.e., that it would be interest only for the entire 30 year period rather than just the first ten years – the statute of limitation began to run on March 20, 2007, when Plaintiff admittedly signed the loan documents. (FAC, ¶6.)  Plaintiff's Complaint was not filed until June 20, 2016, over nine years thereafter. (Dkt. No. 1.)  Plaintiff alleges no facts to support any basis to toll the statute of limitations.  Plaintiff merely alleges that she discovered the purported error about interest only payments in 2015. (FAC, ¶19.) Plaintiff alleges no facts to explain the exact time or manner of discovery; and fails to allege any facts about an inability to have made earlier discovery despite

reasonable diligence. As such, Plaintiff fails to satisfy the elements necessary to toll the statute of limitations and her claims premised upon written or oral misrepresentation made in March 2007 all are long time-barred.

### B. Plaintiff's Legal Incapacity Argument Fails

Plaintiff's remaining claims alternatively rely upon Plaintiff's defective theory that her loan is somehow invalid and/or void because, according to her, there was no New York corporation identified as AWL, and no foreign corporation registered in California as AWL. (FAC, ¶¶28-29.) The flaw with Plaintiff's theory is that there was no need for AWL to be a registered corporation in New York or California because AWL was a fictitious business name ("FBN") utilized by Countrywide Home Loans, Inc. ("CHLI"), which is, and was, a New York corporation registered to do business within the State of California. (*See* Request for Judicial Notice ("RJN"), Exhibit A.)

> Pursuant to Bus. & Prof. Code §17915:
>> A fictitious business name statement shall be filed with the clerk of the county in which the registrant has his or her principal place of business in this state or, if the registrant has no place of business in this state, with the Clerk of Sacramento County. This chapter does not preclude a person from filing a fictitious business name statement in a county other than that where the principal place of business is located, as long as the requirements of this section are also met.
>
> Pursuant to Bus. & Prof. Code §17920:
>> (a) Unless the statement expires earlier under subdivision (b) or (c), a fictitious business name statement expires five years from the date it was filed in the office of county clerk…

Here, CHLI recorded a Fictitious Business Name Statement in the Official Records of the Los Angeles County Recorder's Office on November 16, 2005, naming AWL as a FBN and declaring CHLI's principal place of business was in Calabasas, California, and further declaring that CHLI was incorporated in New

York ("AWL FBNS").[1] RJN, Ex. A. The AWL FBNS was recorded in Los Angeles County, the county in which CHLI had its principal place of business, and where Plaintiff's loan was originated in or about March of 2007. And, Plaintiff's loan originated within five years of the AWL FBNS being recorded. Plaintiff's theory, which relies entirely upon Plaintiff's own suppositions and is not supported by any legal authority or extrinsic evidence, is thus expressly contradicted by the judicially-noticeable AWL FBNS which establishes that CHLI was doing business under the fictitious business name of AWL when Plaintiff's loan was originated.[2] Consequently, all of Plaintiff's claims that rely upon this failed theory, similarly fail.

Plaintiff also cannot use this baseless theory to avoid the statute of limitations. Plaintiff contends that she first became aware of AWL's purported lack of legal capacity in April 2016. FAC, ¶26. However, again, Plaintiff alleges no facts to explain the exact time or manner of discovery. Plaintiff also fails to allege any facts about an inability to have made earlier discovery despite reasonable diligence, or that she even made any attempt to discover the facts before the statute ran. Indeed,

---

[1] Notably, Plaintiff was made aware of the existence of the AWL FBNS through BANA's RJN in support of BANA's prior motion to dismiss the Complaint. However, Plaintiff's FAC fails to provide any new facts that in any way diminish the judicially-noticeable existence of the AWL FBNS. Instead, Plaintiff alleges whether AWL was, or was not, registered as <u>a corporation</u> in New York, Nevada, or California, without any explanation whatsoever about how this has any effect upon her loan or the AWL FBNS. See FAC, ¶¶19-33.

[2] Borrowers have sought to aver identical theories -- seeking to rescind their mortgage loans because AWL was not a registered corporation in California, or because AWL did not actually fund their loan -- against AWL throughout this Circuit, to no avail. See *Fulton v. Bank of America, N.A.*, 2016 WL 7156440, at \*4 (C.D. Cal. 2016); *Tyshkevich v. Wells Fargo, N.A.*, 2016 WL 3077580, at \*3-4 (E.D. Cal. 2016).

the AWL FBNS was a recorded document, open to discovery by the public.[3] As such, Plaintiff fails to satisfy the elements necessary to toll the statute of limitations and her claims premised upon her failed AWL theory are all long time-barred.

### C. Plaintiff's Breach Of Implied Covenant Claim Still Fails

Plaintiff alleges that BANA breached the covenant of good faith and fair dealing implied in the note and Deed of Trust by misrepresenting the true nature of loan, and because AWL lacked capacity to enter into the loan. FAC, ¶61. "The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation." *Racine & Laramie, Ltd. v. Department of Parks & Recreation,* 11 Cal.App.4th 1026, 1031 (1992). "If there exists a contractual relationship … the implied covenant is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated in the contract." *Id.* at 1032. That is, to state the claim she seeks to assert, Plaintiff must base the claim upon an express term in the applicable contract. Most importantly, the statute of limitations to file a breach of a written contract claim is four years. Cal. Code of Civ. Proc. §337.

The FAC now contends that BANA breached the covenant of good faith and fair dealing implied in the note and Deed of Trust in ten ways. FAC, ¶61(a)-(j). As set forth above, Plaintiff's claim is time-barred under both her fraud in the origination theory, or her AWL "lack of capacity" theory.

FAC ¶61(a)-(c), & (f) allege that that BANA breached the covenant by inserting a non-existent sham corporate entity into the loan contract, requiring Plaintiff to honor an invalid contract, placing a cloud on Plaintiff's title by recording

---

[3] "When a plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his investigation (such as public records or corporation books), the statute applicable to the cause of action commences to run." *Community Cause v. Boatwright*, 124 Cal.App.3d 888, 902 (1981).

an invalid security agreement, and forcing Plaintiff to make payment on an invalid contract. As set forth above, Plaintiff's theory that AWL lacked capacity to enter into the subject loan is time-barred and contradicted by the judicially-noticeable AWL FBNS. RJN Ex. A. Moreover, Plaintiff fails to allege why AWL's purported failure to register as a corporation in New York or California was so fundamental to the mortgage agreement that it was a breach of the loan agreement. Plaintiff also fails to allege that she has not received the benefit of the loan, or that she has suffered any loss as a result of the purported breach. Indeed, Plaintiff does not allege that any other party is demanding payment on the loan, or that payments she has made have not been properly applied to the loan such that she faces wrongful foreclosure.

FAC ¶61(d)-(e) allege that BANA assigned, transferred, or sold the invalid contract, and opened invalid bank accounts in AWL's name. However, Plaintiff alleges absolutely no facts to support these claims. Plaintiff also fails to allege how either of these claims have caused her harm.

FAC ¶61(g)-(j) all allege facts relating to purported misrepresentations made about the nature of the loan when it originated in March 2007. As set forth above, and as the Court has already previously ruled, any claim based upon oral or written misrepresentations regarding the origination of the loan are all time-barred. Dkt. 17, pp. 9-10.

As such, Plaintiff's breach of implied covenant claim is time-barred, still fails entirely, and is incapable of being cured through amendment.

### D. Plaintiff's Money Had Claim Still Fails

Plaintiff's tenth claim is for Money Had and Received. FAC, p. 22. "A [claim] for money had and received is stated if it is alleged [that] the defendant 'is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff." *Avidor v. Sutter's Place, Inc.*, 212 Cal.App.4th 1439, 1454 (2013), *review denied* (May 1, 2013). Such a claim is only

viable where one person has received money which belongs to another, and which in equity and good conscience should be paid over to the latter. *Id.*

As the Court found previously, all of Plaintiff's claims to render the note void are time-barred and thus the promissory note is valid. Dkt. 17, p. 11. Plaintiff fails to allege to whom the money she has paid on the loan is rightfully owed to, if not BANA, or why equity demands that it be paid to someone else. Instead, Plaintiff demands a refund on the payments she has made. FAC, ¶68. Such is not a remedy for a claim for money had and received. *Avidor*, at 1454. Plaintiff admits that the money which she paid was intended to pay off the loan debt on the Property. FAC, ¶13. Accordingly, Plaintiff rightly concedes that all payments made were for purposes of satisfying her contractual obligations to pay under the terms of the loan. BANA and its predecessors were therefore entitled to accept payments from Plaintiff to the extent that BANA elected to do so, and to apply any payments that BANA elected to accept pursuant to the applicable loan terms. Consequently, Plaintiff's tenth claim for Money Had and Received is time-barred and still fails as a matter of law.

### E. Plaintiff's Unfair Competition Claim Fails

Plaintiff's eleventh cause of action for violations of Business and Professions Code §17200 is based on the same failed, underlying allegations in Plaintiff's breach of implied covenant and Money Had and Received claims. FAC ¶71.

Bus. & Prof. Code §17200, et seq. ("UCL") defines unfair competition as including "any unlawful, unfair or fraudulent business act or practice." *Cel-Tech Comm., Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 175 (1999). "Its coverage is sweeping, embracing 'anything that can properly be called a business practice and that at the same time is forbidden by law.' *Id*. (citations omitted). "It governs 'anti-competitive business practices' as well as injuries to consumers. . . ." *Id*. (citations omitted). Here, Plaintiff fails to allege any unfair, unlawful or fraudulent UCL conduct and her underlying claims against BANA fail.

### 1. Plaintiff Fails To Allege Any Unlawful Conduct By BANA

Courts have made it clear that a plaintiff cannot use the UCL to circumvent the failure of a claim to stand on its own merit; it cannot be used as an end-run around the requirements of other statutes. See *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001)[dismissing UCL claim where underlying negligence and fraud claims were insufficient as a matter of law]. Moreover, "[a] court may not allow plaintiffs to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000).

Likewise, as §17200 requires an underlying law violation, any defense to the predicate claim is a defense to the alleged UCL violation. See *Krantz v. BT Visual Images, L.L.C.*, 89 Cal.App.4th 164, 178 (2001)[viability of a UCL claim stands or falls with the antecedent substantive claims]. As stated above, Plaintiff's FAC fails to allege a single statutory violation or any viable underlying claim against BANA upon which a UCL claim can stand. Absent an underlying law violation, Plaintiff has no basis to support her assertion that BANA acted unlawfully under the UCL.

### 2. Plaintiff Fails To Allege Unfair Activity By BANA

A business practice is considered "unfair" if it threatens to violate or violates the policy or spirit of an anti-trust law or otherwise significantly threatens or harms competition. *Cel-Tech*, at 187. Plaintiff fails to plead any facts regarding public policy or threats to the public created or perpetrated by BANA. Plaintiff therefore fails to establish any unfair activity by BANA.

### 3. Plaintiff Fails To Allege Fraudulent Conduct Under The UCL

A business practice is considered "fraudulent" within the meaning of §17200 if the "public is likely to be deceived." *Massachusetts Mutual Life Ins. Co. v. Superior Court*, 97 Cal.App.4th 1282, 1290 (2002). "The determination as to whether a business practice is deceptive is based on the likely effect such practice

would have on a reasonable consumer." *McKell v. Washington Mutual, Inc. et al.*, 142 Cal.App.4th 1457, 1472 (2006), citing *Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 507 (2003). Plaintiff's fraud claims were previously disposed of in BANA's motion to dismiss the Complaint and they remain time-barred. Moreover, Plaintiff fails to allege any new facts to suggest that there has been any fraud committed by BANA whatsoever, and she alleges no facts that BANA has deceived the public other than improper conclusive statements. As such, Plaintiff fails to allege any fraudulent conduct under the UCL.

### 4. Plaintiff Lacks Standing Under Bus. & Prof. Code §17204

Business & Professions Code §17204 limits private standing for a UCL claim to "a person who has suffered injury in fact and has lost money or property as a result of unfair competition." (Italics added.) "To satisfy the narrower standing requirements imposed by Proposition 64, a party must now (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the graveman of the claim." *Kwikset Corp. v. Superior Court,* 51 Cal.4th 310, 322 (2011). To satisfy the causation prong of the standing requirement, a plaintiff must show a "causal connection" between their purported economic injury and the alleged unfair conduct. *Id.* at 326. A plaintiff fails to satisfy the statutory causation prong if s/he would have suffered "the same harm whether or not a defendant complied with the law." *Daro v. Superior Court*, 151 Cal.App.4th 109, 1099 (2007).

Here, Plaintiff cannot satisfy either of the prongs of the §17204 standing requirements. Plaintiff fails to allege that she has suffered any loss of money or property and no foreclosure is alleged to have taken place. Thus, even if the Court were to assume the FAC alleges facts indicating BANA's actions violated at least one of the UCL's three unfair competition prongs (unlawful, unfair, or fraudulent),

Plaintiff's FAC cannot show any of the alleged violations have a causal link to any economic injury.

### 5. Plaintiff's Claim Is Barred By The Statute Of Limitations

To the extent Plaintiff's UCL claim is based on loan origination activities, which occurred in or before March 2007, Plaintiff's claim is barred by the statute of limitations. See Bus. & Prof. Code §17208 [four-year statute of limitations for actions under the statute].

For these reasons, BANA requests that the tenth cause of action be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendant BANA respectfully requests that this Court grant the instant motion and dismiss all of Plaintiff's FAC claims without leave to amend.

DATED: February 2, 2017     SEVERSON & WERSON
A Professional Corporation

By:    */s/ Douglas C. Stastny*
       DOUGLAS C. STASTNY

Attorneys for Defendant
BANK OF AMERICA, N.A., successor by July 1, 2011 de jure merger with BAC Home Loans Servicing, LP (erroneously sued as BAC Home Loans Servicing, LP)

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On February 2, 2017, I served true copies of the following document(s): **NOTICE OF MOTION AND MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

| | |
|---|---|
| Edward S. Orchon, Esq.<br>LAW OFFICE OF EDWARD S. ORCHON<br>P.O. Box 2743<br>Winnetka, CA 91396 | Attorney for Plaintiff DENISE MARSICANO<br><br>Telephone: (747) 224-1010<br>Email: orchonlaw@aol.com |

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 2, 2017, at ~~Irvine~~, California.

RYAN J. BROOKS

70000.2794/10292906.1