EDWARD S. ORCHON, Esq. SBN 67039
LAW OFFICE OF EDWARD S. ORCHON
P.O. BOX 2743
WINNETKA, CA 91396

Tel (747) 224-1010
Email: orchonlaw@aol.com

Attorney for Plaintiff
**DENISE MARSICANO**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| DENISE MARSICANO, an individual and on behalf of all that are similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>BAC Home Loans Servicing, LP, a California Limited Partnership, and DOES 1 THROUGH 500, inclusive,<br><br>          Defendants. | **Case No.: 2:16-cv-06189-VAP (GJSx)**<br>Hon. Virginia A. Phillips<br>Ctrm.  8A 1ST St. Courthouse<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT BANK OF AMERICA, N.A. MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION**<br><br>DATE:    MARCH 6, 2017<br>TIME:      2:00 p.m.<br>CTRM:    8A (1st St. Courthouse) |

## I.    INTRODUCTION

Countrywide Home Loans, Inc, [CHL] will arguably go down in history as one of the most prolific predatory lenders of all time.  This statement is beyond reproach.  No reasonable person could hold CHL to any level of esteem. Perhaps only Benedict Arnold in the annuls of

American history has a reputation worse than CHL.[1]

## II.   THE PLEADING STANDARD

Under the federal rules' notice pleading standard, a complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In the instant matter defendant as successor-in-interest to CHL inherits the consequences of CHL conduct and is liable for its continuing misdeeds.

///////////

///////

---

[1] October 6, 2008 California Attorney General website press release announced a "settlement with Countrywide ... that is expected to provide up to 8.68 billion of home loan and foreclosure relief nationally ... [their] *lending practices* turned the American Dream into a nightmare for ... families by putting them *into loans they couldn't **understand*** ... [or] ... ***afford***." (emphasis added) See also: United States, Arizona, Michigan, Oregon, Florida, and Illinois attorney general websites. Different jurisdictions, same basic story.

## ARGUMENT

**III.  BANA'S ARGUMENT THAT PUBLIC RECORDS INDICATE AWL IS IN COMPLIANCE WITH CALIFORNIA FICTITIOUS BUSINESS REQUIREMENTS IS SPURIOUS[2] AND CONTRADICTS THE LENDER'S LEGAL CAPACITY AS DESCRIBED IN THE DEED**

### *a. Preliminary Facts*

In 1995 CHL registered "America's Wholesale Lender" (AWL) as a *service mark* and in 2005 filed AWL as a "Fictitious Business Name" in Los Angeles County.  [LAFBN]  Neither the *service mark* nor the LAFBN have been renewed and both have now either expired or been abandoned.[3]  Nonetheless in order to save the transaction with Plaintiff, BANA relies solely upon its Request for Judicial Notice.  [RFJN]

BANA desperately argues that, although "undisclosed" in the Deed, AWL was a fictitious business in 2007. [See BANA Memorandum of Points and Authorities, pg. 1, lines 19-22] BANA's argument continues that, although not identified as the Lender, the reference to the New York corporation in the Deed is to CHL [BANA Memorandum, pgs.5-6, lines 25-

---

[2] Knowingly representing a "suspended" artificial entity or concealing that fact from the court is sanctionable (*Palm Valley Homeowners Association, Inc. v. Design MTC,* (2000) 85 Cal. App. 4th 553, 560) and a possibly a misdemeanor.  [*Revenue & Tax Code* §19719]

[3] Registration number 1872784-- 1/10/1995; **BUT UN-REVIVABLE as** continued use application *not filed* within grace period—4/3/2016; See RFJN -- Exhibit "A" *filed by Plaintiff on September 11, 2016.*

28; 1-3] despite the Deed's contradictory specific clear and affirmative language stating that AWL, a New York corporation, issued the loan.

To complete the argument BANA claims that Plaintiff should have discovered that CHL was the New York corporation being designated in the Deed, because CHL had filed the LAFBN in 2005.   This serpentine argument is necessitated by the false designations contained in the Deed.

Significantly BANA's argument admits the Deed's description of AWL's legal capacity is "fake" and that *America's Wholesale Lender, Inc. (AWL, INC.)* [4] was not chartered as a New York corporation until *December 16, 2008;* [First Amended Verified Complaint ¶ 30 (FAVC)] more than one year after the Deed containing the "fake" description was executed.   CHL was not the incorporater of the 2008 New York corporation.  BANA does not dispute this fact[5] and affirmaively argues in contradiction of the clear but "fake" description contained in the Deed.   It is exactly this years of continuing and unchecked "fakery" that forms the gravamen of Plaintiff's claims.

---

[4] Italics and capital "*INC.*" added to distinguish real New York corporation from Lender identified in the Deed.

[5] *In February 2012* defendant as successor to CHL filed and prevailed in a **trademark infringement action** in the Central District of California against this New York Corporation.  Case No. 8:12-cv-00242-CJC-AN   The New York AWL sued by Bank of America never had any ties whatsoever to CHL.

### b. The Deed's "Fake" Description of the Lender

It is undisputed that paragraph "C" of the Definition Section of Plaintiff's March 27, 2007 Deed of Trust (the Deed) states in writing that,

> 1) "**Lende**r is *AMERICA'S WHOLESALE LENDER*" [bold and capital letters in original, italic added];
>
> 2) "Lender is a *CORPORATION*" [capital letters in original, italic added]; and
>
> 3) "organized and existing under the laws of NEW YORK" [capital letters in original, italic added].  [FAVC ¶ 7]

The CAPITALIZED and *italicized* words/letters appearing in the Deed were "typed" by a CHL representative and intentionally *inserted into blank spaces*.  As such it cannot be questioned that these affirmative insertions, argued by the moving papers to be false, were intended to be included and gave Plaintiff no reason to question or investigate the identity and legal capacity of the Lender.

BANA's argues "that AWL [being] ... the 'dba' of Countrywide Homes Loans, Inc. –itself a New York corporation" is compliance with California fictitious business filling requirements.  In order for BANA's argument to be viable, the LAFBN filing had to comply in all regards with the applicable sections of the California *Business & Professions Code*, including but not

1    limited to, section 17910.

2        When the Deed was recorded, in March 2007 the New York State

3    Department of Corporations *did not* list AWL as *a New York corporation*.

4    [FAVC ¶ 28]  Further it is undisputed that AWL *was not* registered in

5    California *as a* foreign corporation in March 2007. [FAVC ¶ 29]

6        Undermining BANA's argument, and illustrative of Plaintiff's

7    Opposition, is the decision in *America's Wholesale Lender v. Pagano,*

8    (2005) 87 Conn. App. 474, decided on *February 15, 2005*, nine (9) months

9    and one (1) day *before* CHL registered[6] AWL as fictitious business name

10   with the Los Angeles County Recorder's Office.  The *Pagano* appellate court

11   found,

12       "... because a trade name *is not an entity with legal capacity to*

13           *sue* **the corporation** has *no standing* to litigate the *merits of*

14           *the case*." (emphasis added) *Ibid* at pg. 475

15   The court continued,

16       "In reaching our decision we are mindful of the *policies*

17           *underlying* our legislature's requirements for ... *doing business*

18           *under fictitious names ... requires legal entities ...* to file a

---

[6] Perhaps the decision was the reason why CHL recorded the Fictitious Business Name.

*trade name cer*tificate ... ***prior to*** *engaging* in such business

...." (emphasis added) *Ibid* at 479-480

California law is in accord with *Pagano*.

In *American Alternative Energy Partners II 1985 v. Windridge, Inc.* (1996) 42 Cal. App 4th 551, 561-562 the court stated,

"... [persons] transacting business ... for profit under a fictitious business name ... ***shall file*** a fictitious business name statement." (emphasis added)

*Business & Profession Code* Section 17910 states *inter alia*:

"***Every person*** who *regularly transacts business* ... under a *fictitious business name* ***shall*** do ***all*** of the following:

(a) ***File*** a fictitious business name statement in *accordance with this chapter* ***not later than*** *40 days* from the time the registrant ***commences to transact*** such business.

(b) File a new statement *after any change in the facts*, in accordance with subdivision (b) of Section 17920.

(c) ***File a new statement*** *when refilling* a fictitious business name statement.  (emphasis added)

Exhibit "A" of the RFJN was filed on November 16, ***2005***.  What is *more*

*Significant, than this filing date of the fictitious business statement,*

*however,* is the information provided under penalty of perjury by the CHL

Assistant Secretary.  Paragraph 6, of Exhibit "A" states,

> "That registrant *commenced to transact* business under the
>
> fictitious name or names listed *on (Date)* **03/14/2001**"
>
> (emphasis added)

Thus the RFJN establishes that the LAFBN *filing occurred* four (4) years,

eight (8) months, and two (2) days *after* the registrant, CHL, commenced

using the AWL moniker.  As Section 17910 language is mandatory "shall" –

the filing was untimely by approximately one thousand six hundred sixty

three (1,663) days.  Therefore the fact that AWL was

> 1) a party to the February 2005 *Pagano* decision, decided nine
>
> months before the LAFBN was filed; and
>
> 2) the RFJN admits the registration was filed *more than 40*
>
> *days after April 23, 2001,*

*irrefutably establishes that CHL's 11/16/05 AWL filing was defective* and

did not and does comply with California Code requirements.

### c. The California Code provides a single remedy for failing to comply with Fictitious Business Name filing

Continuing in *American Alternative Energy Partners II 1985 v.*

*Windridge, Inc.* (1996) 42 Cal. App 4th 551, 561-562 the court, citing

*Business & Professions Code* § 17918 stated,

> "The *code imposes a single penalty for* **failure to comply** ...
> 'No person transacting business *under the* fictitious business
> name ... *may* **maintain** **any action ...** *in the fictitious*
> *business name* in **any court of this state until** the fictitious
> business name statement has *been executed, filed, and*
> *published* **as required by** this **chapter**....'" (citation omitted)
> (emphasis added)

As the *Pagano* decision and the RFJN establish, use by CHL of the AWL
moniker preceded the Los Angeles County filing by more than 40 days and
therefore the timely filling requirement has not been met.  From all these
facts it is clear that BANA's AWL cannot appear in court in any action
arising from any transaction made in the fictitious business name. As such
not only should the Motion be denied, but a default judgment should be
entered in favor of Plaintiff.

### d. Additional Impact of foreign corporation registration with Secretary of State on un-renewed CHL Fictitious Business Name

On September 9, 2011 the Nevada Secretary of State chartered *AWL,*
*Inc.*[7] [FAVC ¶ 31] On *November 9, 2011*, this Nevada corporation *registered*

---

[7] Italics and lower case *"Inc."* added to distinguish Nevada corporation from
Lender identified in the Deed and New York corporation.

as a foreign entity in California. [FAVC ¶ 31] *Business & Profession Code* §14415 states,

> "The ... obtaining of a certificate of qualification ... in the case of a foreign corporation, *shall establish a rebuttable presumption* that the corporation *has the exclusive right to use* [the] trade name ... set forth in the ... certificate ...."
> (emphasis added)

The Nevada corporation's business license expired on September 30, 2012. [FAVC ¶ 33] Thus, the public record, contrary to BANA's argument, discloses that at least between *November 9, 2011 and September 30, 2012* the Nevada corporation not an CHL expired County Fictitious Business Name, had the exclusive right to use the AWL moniker in California.

The fact that the Nevada AWL corporation had the exclusive right to the AWL moniker may explain why, in a previous 2012 litigation[8] [filed in the Central District Case No. 8:12-cv-00242-CJC-AN] BANA claimed that AWL was its *service mark*[9], *not a fictitious business name*. Yet, without

---

[8] The *absence of a 2010 renewal* of the LAFBN *in the* RFJN speaks volumes. *Business & Profession Code* §17920 (a) states. "Unless the statement expires earlier ... *a fictitious business name statement expires five years from the date it was filed in the office of the county clerk.*" (emphasis added)
[9] Registration number 1872784-- 1/10/1995; **BUT UN-REVIVABLE** as continued use application *not filed* within grace period—4/3/2016.

any explanation or clarification, in contravention of the Deed's clear language and its *service mark* position in 2012, BANA still argues that AWL is a fictitious business name, even thought BANA does not currently have the right to use AWL as its Fictitious Business Name. [See Plaintiff's RFJN]

### e. September 2016 issuance by Los Angeles County of the AWL Fictitious Name

CHL's LAFBN expired in 2010. It was not renewed, as evidenced by the lack of such documentation in the BANA RFJN. At the present time AWL, despite BANA's arguments to the contrary, it no longer has the right to use that name. [See Plaintiff's RFJN]

## IV. THE CLAIMS FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING AND MONEY HAD AND RECEIVED ARE NOT TIME BARRED

The moving paper's basic premise is that because Statutes of Limitation time bar certain claims, this bar determines the validity of the terms and content of the Note. At the pleading stage the allegations of misconduct are deemed true, but that the Court determined that the Plaintiff filed her Complaint after a limitation period expired.

This ruling therefore determined solely that certain claims were Brought untimely, a technical defense, not a substantive finding that the allegations were untrue.

BANA's argument that the remaining claims are time barred

apparently does not take into consideration the intricacy that underlies the

legal basis for time barring a claim.  A statute of limitation does not

terminate the existence of a claim; rather the statute only affects the

remedies. *Chase Sec Corp. v. Donaldson* (1945) 325 U.S. 304; *Mitchell v.

Automobile Owners Indem. Underwriter* (1941) 19 Cal. 2d 1, 4   Thus the

statutes time-bar those remedies, not the claims, that were available to

Plaintiff during the time period affected by the Statute, i.e. the barred-

period.  In the instant case the Plaintiff/BANA transaction continued and

continues after the tine-bar period and those transactions start new

limitation period and reinstating the available remedies for the periods that

fall outside and subsequent to the time-bar.

Additionally,  a time bar can be lifted and a new limitation period

started, by an acknowledgment.  The Supreme Court stated in *Vassere v.

Joerger* (1938) 10 Cal. 2d 689, 692

> "... the acknowledgment ... merely ... extend[s] the period ...
>
> from the date of ***each of such acknowledgment ....***"
>
> (emphasis added)

In the instant matter the parties have a thirty year continuing relationship.

Every month Plaintiff's makes monthly mortgage payments; BANA

accepts such payments; and provides Plaintiff with written statements that

show reductions in the balance owed on the Note.  Thus on a

monthly basis BANA and Plaintiff acknowledge the existence of their

continuing relationship.  *Code of Civil Procedure* Section 360[10] creates a

mechanism whereby a written promise *towards a "continuing"*[11]

*antecedent obligation* re-starts the period until the next written promise is

made.  The Court's earlier ruling determined that the limitation period had

run on any remedy available for three causes of actions for any period, prior

to the four years immediately preceding the filing of the Complaint.  As to

each individual transaction during the four year period preceding the filing

and moving forward, the limitation period has not expired.

### a. Continuing Nature of the Breach of the Covenant of Good Faith and Fair Dealing

Paragraph 61 alleges *inter alia*, the continuing nature of BANA's

Conduct.

"61.   That AWL and its successors by ... *accepting Plaintiff's*

_____

[10] "No acknowledgment or promise... is sufficient ... of a **new or continuing contract** ... unless same is contained in some writing, signed by the party to be charged ... *provided that* any payment ... made by the party to be charged shall be deemed *sufficient acknowledgment* ... of ... a ... *contract to stop***,** *from time to time as any such payment is made***,** *the running of the time within which the action may be commenced* ... and *to start the running of a new period of time* ...." (emphasis added)

[11] "...'*continuing contracts'*; that is, *contracts against which the statute has not run* at the time of the acknowledgment." *Eilke v. Rice* (1955) 45 Cal. 2d. 66, 73 (emphasis added)

*monthly installment payments breached* **and continue to breach** *their duties and obligations under the publicly implied covenant by* unjustifiably

a) <u>inserting a non-existent sham corporate entity</u> as a party to the note and Deed, creating a *void abanitio* note and Deed;

b) <u>requiring Plaintiff to participate in and honor</u> an illegal, invalid and unenforceable contract or face foreclosure;

c) <u>placing a cloud Plaintiff's title to the property</u> by recording an invalid and unenforceable security agreement or face foreclosure;

d) <u>assigning, transferring</u> or selling the invalid note and Deed;

e) <u>opening invalid bank accounts</u> in the name of AWL;

f) <u>forcing Plaintiff to make monthly installment payments</u> on an invalid and unenforceable note and Deed or face foreclosure;

g) ...."

Paragraph 63 continues in part,

"63.   That BAC [BANA], as AWL's successor in interest,

> believes ... that *it can collect monthly installment*
>
> *payments* and *possesses the power to sell upon a default,*
>
> *even though AWL, its predecessor in interest, lacked* ...
>
> the *legal capacity to enter into or execute the note and*
>
> *Deed or record the Deed as a security interest against the*
>
> *property."*

As such the harm continues to the present and a claim is stated.

### b. Continuing Nature of the Claim for Money Had and Received

As previously stated the parties have an on-going thirty year relationship. Each month Plaintiff makes monthly mortgage payments that she recently discovered were being paid to the wrong entity. [See Defendant's RFJN; Plaintiff's RFJN; Argument, *supra*.] As the moving papers correctly state [pg. 8-9, lines 28, 1-2], citing *Avidor v. Sutter's Place, Inc.*, 212 Cal.App.4th 1439, 1454 (2013), *review denied* (May 1, 2013)

> "Such a claim *is only viable* where one person has received
>
> money *which belongs to another*, and which in equity and good
>
> conscience *should be paid over to the latter*." (emphasis added)

Clearly BANA is currently receiving mortgage payments that are alleged to be owed to AWL.   As both RFJN disclose BANA is not AWL.

Therefore, monthly payments are being made to the wrong party and as such a claim is stated.

## V.    A VIABLE CLAIM FOR VIOLATION OF BUSINESS AND PROFESSION CODE IS ALLEGED

California's unfair business practice law does not prohibit anything; it simply provides a definition of what constitutes "unfair competition." Section 17200 states,

> "...unfair competition *shall mean and include* unlawful, unfair or fraudulent business practice and unfair deceptive untrue or misleading advertising ...." (emphasis added)

The term "competition" is a misnomer as the Section's main purpose is "consumer protection." (*Barquis v. Merchants Collection Association* (1972) 7 Cal. 3d 94, 111)  Additionally actual injury is not required and the section imposes strict liability. (*People v. Cappuccio, Inc.* (1988) 204 Cal. App. 3d 750)  To survive a Motion to Dismiss the complaint need only allege a pattern *or practice related to business*. (*Barquis v. Merchants Collection Association* (1972) 7 Cal. 3d 94, 111)

"Business" is defined as "[e]verything about which one can be employed" and "synonymous with 'calling, occupation, or trade engaged in for the purpose of making a livelihood or gain.'" (*Burks v. Poppy Construction Company* (1962) 57 Cal. 3d 463, 468)

The Eleventh Claim for violation of *Business and Profession Code* §17200 alleges that defendants engaged in not less than twelve (12) unfair, unlawful and fraudulent business practices.  Therefore the acts described in the FAVC [¶¶ 71 through 73] constitute unfair business practices as defined by the Section.

## CONCLUSION

Therefore for all the reasons stated herein Defendant's Motion to Dismiss should be denied.


Dated: February 15, 2016

LAW OFFICE OF EDWARD S. ORCHON

EDWARD S. ORCHON, Esq.
Attorney for Plaintiff
**DENISE MARSICANO**

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles,  State of California. My business address is P.O. Box 2743 Winnetka, Ca. 91396.

On February 16, 2017  I served true copies of the following document(s):

**PLAINTIFF'S OPPOSITION TO DEFENDANT BANK OF AMERICA, N.A. MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION**

on the interested parties in this action as follows:

DOUGLAS  C. STASTNY (State Bar No. 269470)
dsc@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612

MARK JOSEPH KENNEY (State Bar No. 27345)
mjk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111

## BY CM/ECF ELECTRONIC FILING:
With the Clerk of the Court and on participants in this case who are registered CM/ECF users. Non-registered participants will be served by U.S. Mail

Executed on February 16, 2017 at Winnetka, Ca.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct. I declare that I am  a member of the bar of this Court.

/s/EDWARD S. ORCHON
EDWARD S. ORCHON, declarant