ROBERT J. GANDY (State Bar No. 225405)
rjg@severson.com
DOUGLAS C. STASTNY (State Bar No. 269470)
dcs@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK JOSEPH KENNEY (State Bar No. 87345)
mjk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
BANK OF AMERICA, N.A., successor by July 1, 2011
de jure merger with BAC Home Loans Servicing, LP
(erroneously sued as BAC Home Loans Servicing, LP)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| DENISE MARSICANO, an individual and on behalf of all that are similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BAC HOME LOANS SERVICING, LP, a California Limited Partnership, and DOES 1 THROUGH 500, inclusive,<br><br>Defendants. | Case No. 2:16-cv-06189-VAP (GJSx)<br>Hon. Virginia A. Phillips<br>Ctrm. 8A – 1st St Courthouse<br><br>**REPLY BRIEF IN SUPPORT MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: March 6, 2017<br>Time: 2:00 p.m.<br>Dept.: 8A<br><br>Action Filed: June 20, 2016<br>Removal Date: August 17, 2016<br>Trial Date: None Set |

## I. INTRODUCTION

Plaintiff Denise Marsicano's ("Plaintiff") lawsuit attempts to unwind a nearly ten-year-old home loan based upon an outlandish theory that the lender identified on her loan documents does not exist, and thus she should be entitled to a free home and return of the payments she made on the loan, without dispute, for the last nine years. But as pointed out in the moving papers, Plaintiff's claims fail for two primary reasons: (1) they are premised on an erroneous theory; and (2) they are time-barred. Plaintiff's late-filed and defective Opposition to the instant motion to dismiss, although rife with rhetoric and nonsensical accusations, lacks any applicable or authoritative legal support. Indeed, Plaintiff offers no legally supported basis for tolling the applicable statute of limitations period. And the Opposition ignores applicable California law.

As a preliminary matter, the Opposition should be stricken due to the fact that it was due served on or before February 13, 2017, but was instead served at 5:48 p.m. on February 16, 2017; the evening before the instant reply was due.

Plaintiff's late Opposition fails to revive her baseless theory that the fact that Countrywide Home Loans, Inc. used America's Wholesale Lender as a fictitious business name somehow invalidates her loan. Judicially-noticeable documents clearly establish no impropriety in the origination of Plaintiff's loan.

Plaintiff's late Opposition also fails to revive the fact that each of her claims are time-barred, and she fails to assert any basis for tolling the applicable limitations periods.

For these reasons, and those presented below and in the moving papers, defendant Bank of America, N.A. ("BANA") respectfully requests that this Court grant this motion without leave to amend.

/ / /

/ / /

70000.2794/10442234.1          1
REPLY BRIEF IN SUPPORT MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## II.  DISCUSSION

### A.  Plaintiff's Late-Filed/Served Opposition Should Be Stricken

According to the instant motion's March 6, 2017 hearing date, and pursuant to Local Rule 7-9, Plaintiff's Opposition was due filed/served on or before February 13, 2017.  However, Plaintiff's Opposition was not e-filed/e-served until 5:48 p.m. on February 16, 2017; the evening before this Reply was due. Dkt. 21.  As such, BANA has had less than 24 hours to prepare this Reply.

Moreover, on February 17, 2017, the Court noted another deficiency in Plaintiff's Opposition due to Plaintiff's failure to include a table of contents, in violation of Local Rule 11-8. Dkt. 22.  Therefore, the Court should consider striking Plaintiff's Late and deficient Opposition for these multiple deficiencies that have prejudiced both BANA and the Court .

### B.  Plaintiff's AWL Theory Remains Flawed And Unsupported By Law Or Fact

Plaintiff utilizes much of her Opposition to disparage America's Wholesale Lender ("AWL") for alleged predatory lending.  However, Plaintiff does not dispute that she received the benefit of the underlying loan; nor does she allege that she cannot afford the loan; nor does she allege that her home has been foreclosed upon due to the alleged predatory nature of her loan.  Therefore, it is entirely unclear what damage Plaintiff has suffered simply by the fact that AWL was named as the lender on her loan in March 2007.

Instead, Plaintiff makes red herring arguments challenging the propriety of Countrywide Home Loans, Inc.'s ("CHLI") use of AWL as a fictitious business name ("FBN").  In her Opposition, Plaintiff attempts to espouse three such baseless theories, but to no avail.

First, Plaintiff cites to *America's Wholesale Lender v. Pagano* (2005) 87 Conn. App. 474 ("*Pagano*"), a Connecticut Court of Appeal case applying

Connecticut law. Opp. at 6-8.  However, Plaintiff fails to explain how this Connecticut case, applying Connecticut law has any bearing upon a Fictitious Business Name Statement ("FBNS") recorded in California, under California law. Therefore, *Pagano* has no bearing on this case and her argument fails.

Next, Plaintiff contends that because the AWL FBNS states that CHLI would commence transacting business under the AWL name on 03/14/2001, and the AWL FBNS was recorded on November 16, 2005, there was a violation of Bus. & Prof. Code §17910(a) because the FBNS was recorded more than 40 days after 03/14/2001. Opp. at 7-8.  However, Plaintiff's theory incorrectly supposes that no prior FBNS were recorded prior to November 16, 2005, and fails to comprehend that the November 16, 2005 FBNS is a "Renewal Filing," and therefore is merely a renewal of the original FBNS recorded in January 1993. See RJN Ex. A.  In fact, BANA asks the Court to take judicial notice of the consecutive FBNS recorded in 1993, 1996, 1997, 2001, and 2002, respectively, all of which overlap the five year expiration period for FBNS under Bus. & Prof. Code 17920. See RJN Exs. B-F. Therefore, this theory also falls flat.

Plaintiff's last futile argument is that "America's Wholesale Lender, Inc." was chartered as a corporation in Nevada in September 2011. Opp at 9-10.  This argument fails for several reasons.  First, Plaintiff fails to explain how "America's Wholesale Lender, **Inc.**" has anything to do with AWL (no Inc.), the AWL identified on the subject Deed of Trust.  Second, Plaintiff's loan originated in March 2007. FAC ¶6.  Therefore, it is entirely unclear what effect the incorporation of an entirely different entity, in an entirely different state, and over four years after Plaintiff's loan originated, has had on Plaintiff's loan and her obligation to repay the loan.  As such, Plaintiff's baseless AWL theories remain entirely defective and cannot form the basis for any of his causes of action against BANA in this action.

/ / /

70000.2794/10442234.1               3
REPLY BRIEF IN SUPPORT MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## C. Plaintiff's Claims Are Time Barred

Plaintiff's Opposition does not dispute the applicable statutory limitations periods. Indeed, she could not. As explained in the moving papers, the longest applicable statutory period is four years. And because the Loan at issue originated on March 20, 2007, Plaintiff's claims must have been filed by no later than March 20, 2011, to be timely. FAC ¶ 6. The only way the claims could survive the applicable statutes of limitations would be if those statutes were tolled.

As set forth in BANA's moving papers, in order to toll a claim under the discovery rule, "a plaintiff 'must affirmatively excuse his failure to discover the fraud within three years after it took place, by establishing facts showing that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry.'" *Sun 'n Sand, Inc. v. United Cal. Bank*, 21 Cal. 3d 671, 701-02 (1978). The FAC contains no such allegations excusing Plaintiff's delay, and her Opposition does not cure that defect either. Plaintiff alleges that she has made payments to the servicing agent for the last 10 years, but only alleges she only recently came to believe that she was paying the wrong party. FAC ¶13. Plaintiff does not explain what changed in 2015 to finally allow her to discover this alleged misconduct, or even allege what prevented her from discovering it 9 years earlier.

Instead, Plaintiff's Opposition asserts yet another baseless theory in an attempt to avoid the statute of limitations. Plaintiff makes the unfounded argument that her claims, all of which relate to the origination of her loan in March 2007, are continually extended month-by-month due to her making payments on the loan over the last nine years. Opp. at 12-13. First, Plaintiff provides no caselaw to support her theory. Second, the Code of Civ. Proc. §360 she cites is not applicable because Plaintiff's payments are not a "new promise." Here, the only promises made regarding Plaintiff's loan were AWL's promise to fund the loan and Plaintiff's

promise to pay it back under certain terms. FAC ¶6. Those promises were made in March 2007 and have not changed. Plaintiff's claims are premised upon the theory that AWL was the wrong lender and that Plaintiff obtained the wrong loan. FAC ¶¶8 & 17. Those claims originated in March 2007. As such, Plaintiff's implied covenant and money had claims, which are based upon an alleged breach of a written contract, are subject a four year limitations period. Code of Civ. Proc. §337. And, Plaintiff's unfair business practices claim is equally barred by the four year limitations period. Bus. & Prof. Code §17208. Because Plaintiff has not set forth any suitable basis for tolling the applicable statutes of limitations for any of her claims, each of her causes of action are long time-barred and must be dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendant BANA respectfully requests that this Court grant the instant motion and dismiss all of Plaintiff's claims without leave to amend.

DATED: February 17, 2017

SEVERSON & WERSON
A Professional Corporation

By:  /s/ Douglas C. Stastny
         Douglas C. Stastny

Attorneys for Defendant BANK OF AMERICA, N.A., successor by July 1, 2011 de jure merger with BAC Home Loans Servicing, LP (erroneously sued as BAC Home Loans Servicing, LP)